IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE A. CHRUSTOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 24-38-CFC |
| ) | |
| PAUL SCULL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**


Renee A. Chrustowski, Middletown, Delaware – *Pro Se* Plaintiff




February 14, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On January 11, 2024, Plaintiff Renee A. Chrustowski, of Middletown, Delaware, filed this civil action *pro se*. (D.I. 1.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 6.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

Plaintiff has filed this Complaint to require performance of a contract to convey real property. (D.I. 1 at 1.) Archer & Griner, P.C., a law firm operating in Delaware, New Jersey, and elsewhere, and four New Jersey-based attorneys, are named as Defendants to this action. (*Id.* at 2-3.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

On December 20, 2006, Plaintiff filed a lawsuit against unspecified Defendants, in an unspecified location, before an unspecified court, for employment discrimination. (D.I. 1 at 5.) This resulted in an award, or contract, entered by Plaintiff and unspecified Defendants on February 23, 2007. (*Id.* at 4.) Per the terms of the award, or contract, unspecified Defendants were obligated to provide Plaintiff with compensation money for intentional discrimination and wrongdoing, totaling

1

$100,000,000.00. (*Id.*) Plaintiff had no obligations "except that [she] was an employee of 'free will' and am entitled to $100,000,000.00." (*Id.*) Plaintiff complied with her obligations. (*Id.* at 5.) On June 1, 2023, Plaintiff refiled the lawsuit. (*Id.*) Then on October 27, 2023, Plaintiff "filed NJ Law[y]ers Fund for Client Protection against defendant's lawyers." (*Id.*) Based on the foregoing, Plaintiff seeks $100,000,000.00 for "pain[,] suffering, neurological trauma, epilepsy, stitches, graves disease, damage to [her] eye, hyperthyroidism, asth[m]a, allergies, harassment, bruises, fals[e] arrest[,] anxiety, [and] stress." (*Id.* at 6.)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court discerns from the Complaint no basis for a civil contract claim that is timely, actionable, and within its jurisdiction. If, in 2007, $100 million in compensatory damages were awarded to Plaintiff for employment discrimination by another court, this Court does not have the authority to now duplicate or enforce that order or judgment. Alternatively, if, in 2007, a contract was entered outside of judicial proceedings, which stated that Plaintiff was to receive $100 million, and that she had no obligations in return, there appears to be a fatal statute of limitations issue, such that this Court cannot proceed with Plaintiff's claims under those circumstances either. Additionally, the Court notes that the Complaint lists damages, including numerous medical conditions and false arrest, that have no plausible connection to a contract dispute that is already dubious, based

on the details provided. As such, the Court finds Plaintiff's claims to be frivolous and amendment to be futile. *See Dooley v. Wetzel*, 957 F.3d. at 374 (deeming a claim frivolous when it is clearly baseless, fantastic or delusional, or relies on an indisputably meritless legal theory). Accordingly, the Complaint will be dismissed, and Plaintiff will not be given leave to amend.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (D.I. 1.) As amendment is futile, the Court will dismiss the case with prejudice and close the case.

An appropriate Order will be entered.